## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 09-37-GPM** |
| | ) | |
| **SHERI LYNN MCKINLEY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# JUDGMENT DECREE AND ORDER DIRECTING SALE

**MURPHY, District Judge:**

On January 12, 2009, Plaintiff, United States of America, commenced this mortgage foreclosure suit against Sheri Lynn McKinley. Defendant was defaulted by the Clerk of Court on March 18, 2009 (*see* Doc. 6). Plaintiff now moves for entry of a default judgment under Federal Rule of Civil Procedure 55(b).

The motion (Doc. 7) is **GRANTED**, and **IT IS ORDERED AND ADJUDGED**:

1. This Court has jurisdiction over the parties and subject matter of this action. Defendant was properly served and failed to answer or otherwise enter any appearance.

2. The United States of America, acting through the United States Department of Agriculture, Rural Development (formerly Farmers Home Administration), made a loan to Sheri Lynn McKinley, secured by a mortgage dated September 27, 1999, in the total principal amount of $60,275.00. The mortgage was recorded on September 27, 1999. The loan is evidenced by a promissory note dated September 27, 1999. Defendant, Sheri Lynn McKinley, defaulted on the note. On August 6, 2008, the United States of America, acting through the United States Department of

Agriculture, Rural Development, issued a notice of acceleration. The property has been abandoned as set forth in the affidavit of abandonment dated December 3, 2008.

3.    Defendant may have claimed an interest in the above described property, but is foreclosed from asserting her claim, if any, because of her default in this action.

4.    By virtue of the mortgage and indebtedness thereby secured, the United States of America has a valid and subsisting lien as follows:

> Common address: 14 Indian Hills, Watson, Illinois  62473
> a/k/a 310 Illini Drive, Watson, Illinois  62473

> Lot 14 of Indian Hills Subdivision, Addition A (reference made to the plat therefore recorded as Plat #87-E and Plat Book 14 page 9 in the Recorder's Office of Effingham County), situated in the Village of Watson, County of Effingham and State of Illinois.

> Property Tax ID No. 14-21-04

5.    By virtue of the mortgage and the indebtedness thereby secured, as alleged in the complaint, the following amounts are due to Plaintiff United States of America:

(a)    For its own use and benefit for the costs of this suit and for:

| | |
|---|---|
| U.S. Attorney's docket and recording fees  . . . . | $    380.00 |
| Title expenses  . . . . . . . . . . . . . . . . . . . . . . . . . | $    150.00 |
| TOTAL | $    530.00 |

(b)    For the use and benefit of Plaintiff, holder of the note secured by the mortgage aforesaid, but subject and subordinate to the lien for payment of the items mentioned in subparagraph (a) of this paragraph:

| | |
|---|---|
| Unpaid principal balance . . . . . . . . . . . . . . . . . | $56,571.96 |
| Accrued interest at $11.0537 per day due and unpaid as of April 2, 2008 . . . . . . . . . . . . . . . . | $ 3,574.02 |

Total amount due plaintiff as of April 2, 2009,

exclusive of foreclosure costs  . . . . . . . . . . . . . .     $60,145.98

    (c)        In addition, Plaintiff may be compelled to advance various sums of money in payment of costs, fees, expenses, and disbursements incurred in connection with the foreclosure, including, without limiting the generality of the foregoing, filing fees, stenographer's fees, witness fees, costs of publication, costs of procuring and preparing documentary evidence and costs of procuring abstracts of title, certificates, foreclosure minutes, and a title insurance policy.

    (d)        Under the terms of the mortgage, all such advances, costs, and other fees, expenses and disbursements are made a lien upon the mortgaged property and the plaintiff is entitled to recover all such advances, costs, expenses, and disbursements, together with interest on all advances at the rate provided in the mortgage, or, if no rate is provided therein, at the statutory judgment rate, from the date on which such advances are made.

    (e)        In order to protect the lien of the mortgage, it may or has become necessary for plaintiff to pay taxes and assessments which have been or may be levied upon the mortgaged property.

    (f)        In order to protect and preserve the mortgaged property, it may also become necessary for the plaintiff to make such repairs to the property as may reasonably be deemed necessary for the proper preservation thereof.

    (g)        Under the terms of the mortgage, any money so paid or expended has or will become an additional indebtedness secured by the mortgage and will bear interest from the date such monies are advanced at the rate provided in the mortgage, or, if no rate is provided, at the statutory judgment rate.

6.     Effingham County, Illinois, has a valid lien on the above-described property for tax for the year 2008, and the property will be sold subject to the interest of Effingham County, resulting from taxes, general or special, which are a valid lien against the above described property.

Accordingly, **JUDGMENT IS ENTERED** against Sheri Lynn McKinley, for $60,675.98. Unless Defendant and her assigns and successors in interest to the above-described property pay to Plaintiff, United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, within three days from the date of this judgment decree the sum of

$60,675.98, with attorney's fees and court costs with lawful interest to be computed thereon from this date until paid, the property described in paragraph 4 of this judgment decree shall be sold at public sale to the highest bidder for 10% at time of sale and balance within 72 hours, subject to taxes, general or special, due and owing to Effingham County, Illinois, by the United States Marshal for the Southern District of Illinois at the front door of the Effingham County Courthouse in the City of Effingham, Illinois. The property shall be sold free and clear of any claimed lien of Sheri Lynn McKinley.

The United States Marshal for the Southern District of Illinois give public notice of the time, place, and terms of such sale, together with a description of the premises as referred to in paragraph 4 of this judgment decree to be sold, by previously publishing the same once each week for three (3) consecutive weeks as provided by law in a secular newspaper of general publication in the State of Illinois, the first publication to be not less than four weeks before the date of such sale. The United States Marshal may adjourn the sale so advertised by giving public notice by proclamation. Plaintiff or any party to this case may become the purchaser or purchasers at such sale. Upon the sale being made, the United States Marshal shall execute and deliver to the purchaser or purchasers a certificate of purchase, which certificate shall be freely assignable by endorsement thereon.

This is a foreclosure of a mortgage of residential property. The amount required to redeem shall consist of the total balance due as declared above plus interest thereon at the statutory rate and all additional costs and other expenses allowed by the Court.

If the purchaser at the judicial sale of residential property is a mortgagor who is a party to this proceeding or its nominee, and if the sale price is less than the amount required to redeem specified in 735 ILCS § 5/15-1604, an owner of redemption has a special right to redeem for a period ending

30 days after the date the sale is confirmed by paying the mortgagee the sale price plus all additional costs and expenses incurred by the mortgagee set forth in the report of sale and confirmed by this Court.

The above-described mortgaged real estate has been abandoned. Consequently, the redemption period pursuant to 735 ILCS § 5/15-1603 shall end 30 days after entry of this judgment decree pursuant to 735 ILCS § 5/15-1603(b)(4). The reinstatement period shall not extend beyond the redemption period as shortened. 735 ILCS § 5/15-1603(b)(4).

Out of the proceeds of such sale the, the United States Marshal shall retain his disbursements and fees. Out of the remainder of said proceeds, he shall pay to Plaintiff $60,675.98, together with lawful interest to be computed thereon to the date of this judgment decree and any court costs of this action. The United States Marshal shall take receipts from the respective parties from whom he may make payments aforesaid and file the same together with his Report of Sale to this Court. If the property shall sell for a sum more than sufficient to make the aforesaid payments, then after making the payments, the United States Marshal shall bring any surplus monies into Court without delay for further distribution by order of this Court.

From the date of entry of this judgment decree through the 30th day after a foreclosure sale is confirmed by this Court, the mortgagor shall be entitled to retain possession of the above-described property. After the 30th day the foreclosure sale is confirmed, the holder of the Certificate of Sale shall be entitled to immediate possession of the property upon payment of the sale purchase price, without notice to any party or further order of the Court. The mortgagors shall peaceably surrender possession of the property to the certificate holder immediately upon expiration of 30-day time period. In default of mortgagor so doing, an order of ejectment shall issue.

Upon or after confirmation of sale, the person who conducted the sale or the Court shall execute a deed to the holder of the certificate of sale sufficient to convey title, which deed shall identify the Court and the caption of the case in which judgment was entered authorizing issuance of the deed. Signature and the recital in the deed of the title or authority of the person signing the deed as grantor, of authority pursuant to this judgment decree, and of the giving of the notices required by statute shall be sufficient proof of the facts recited and of such authority to execute the deed, but the deed shall not be construed to contain any covenant on the part of the person executing it.

Delivery of the deed executed on the sale of the property, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass the title thereto. Such conveyance shall be an entire bar of (I) all claims of parties to the foreclosure and (ii) all claims of any non-record claimant who is given notice of the foreclosure as provided by statute.

If the monies from the sale are insufficient to pay sums due to the plaintiff with interest after deducting the costs, the United States Marshal shall specify the amount of the deficiency in his report.

The Court hereby **retains jurisdiction** over the subject matter and the parties hereto for the purpose of enforcing this judgment decree. The United States Marshal shall report his actions to this Court at the earliest possible time.

**IT IS SO ORDERED.**

DATED: 05/04/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge